IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00577-RBJ-NYW

TORY C. HAMMOND,

    Plaintiff,

v.

KARMEN KOGER, and
MATTHEW MORSTICA,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

This matter comes before the court Defendants Karmen Koger ("Defendant Koger") and Matthew Marostica's ("Defendant Marostica") (collectively, "Sheriff's Defendants") Motion to Dismiss (or "Motion"), filed November 26, 2018. *See* [#40]. The presiding judge, the Honorable R. Brooke Jackson, referred this matter to the undersigned pursuant to 28 U.S.C. § 636(b) and Memorandum dated November 27, 2018 [#41]. This court concludes that oral argument will not materially assist in the resolution of this matter. Accordingly, upon careful review of the Motion and associated briefing, the entire case file, and the applicable law, I respectfully **RECOMMEND** that the Sheriff's Defendants' Motion to Dismiss [#40] be **GRANTED IN PART and DENIED IN PART**.

### BACKGROUND

This court draws the following facts from Plaintiff's Amended Complaint [#17] and presumes they are true for purposes of the instant Motion.

Plaintiff Tory C. Hammond ("Plaintiff" or "Mr. Hammond") initiated this action by filing his *pro se* prisoner Complaint on March 9, 2018, alleging that while incarcerated at the Boulder County Jail (the "jail") several jail officers violated his constitutional rights. *See* [#1]. Following orders from the Honorable Gordon P. Gallagher, Plaintiff filed Amended Prisoner Complaints on April 9 and May 21, 2018, respectively. *See* [#4; #11]. On June 1, 2018, Magistrate Judge Gallagher directed Plaintiff to file a Second Amended Prisoner Complaint on or before July 2, 2018, later extended by Magistrate Judge Gallagher to July 7, 2018. *See* [#12; #14]. On June 20, 2018, Plaintiff filed his Second Amended Prisoner Complaint [#17], and on August 28, 2018, the Honorable Lewis T. Babcock dismissed in part Plaintiff's Second Amended Prisoner Complaint and drew his remaining three constitutional claims to Judge Jackson and the undersigned. [#19].

Two of Plaintiff's remaining claims, Claims 2 and 5, allege that Defendant Koger, a Sergeant at the jail, violated Plaintiff's Eighth Amendment rights by (1) placing Mr. Hammond in the hole[1] "for 5 days with no hour out, no shower, no phone calls, no tooth past[e], no tooth brush, no soap[,] and no mail out" ("Claim 2") and by (2) placing Mr. Hammond in the hole where human feces and urine were "all over the cell," including "all up and down the walls and floor and bedding" ("Claim 5"). [#17 at 7, 10]. In his third constitutional claim, Claim 12, Mr. Hammond alleges that Defendant Marostica would walk down the halls of the jail with a metal wand and "hit/punch/jab the metal door" of the cells every 30 minutes. *See* [*id.* at 17]. Plaintiff alleges that this caused him to lose sleep, which led to psychological problems, and caused "major fights or issues between inmates and deputies." [*Id.*]. Plaintiff also claims this occurred for over three years, and that Defendant Marostica was purposefully louder at Plaintiff's cell as a form of torture. *See* [*id.*].

---

[1] This court construes the term "hole" to mean administrative segregation and/or solitary confinement.

The Sheriff's Defendants moved to dismiss Plaintiff's Second Amended Prisoner Complaint on November 26, 2018. [#40]. They argue that they are entitled to qualified immunity because Mr. Hammond cannot demonstrate that they violated any clearly established constitutional right. *See* [*id.*]. Plaintiff has since responded, including filing a Sur-reply,[2] *see* [#44; #46], and the Sheriff's Defendants have replied, *see* [#46]. The Motion to Dismiss is now ripe for Recommendation.

**LEGAL STANDARDS**

**I.      Rule 12(b)(6)**

Under Rule 12(b)(6) a court may dismiss a Complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). A plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that even pro se litigants cannot rely on conclusory, unsubstantiated allegations to survive a 12(b)(6) motion). Rather, "a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a

---

[2] This court entered a Minute Order explaining that neither the Federal Rules of Civil Procedure nor this District's Local Rules of Civil Practice contemplate the filing of a sur-reply without leave of the court, and advised Mr. Hammond that this court would not strike his Sur-reply on this occasion but warned that this court would summarily strike future sur-replies filed without leave of the court. *See* [#47].

3

Complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible."). The ultimate duty of the court is to "determine whether the Complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

In applying the above legal principles this court is mindful that Mr. Hammond proceeds *pro se*. This court therefore affords Plaintiff's filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the court cannot and does not act as his advocate, *Hall*, 935 F.2d at 1110, and applies the same procedural rules and substantive law to Plaintiff as to a represented party, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir.2008); *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## II.     Qualified Immunity

The doctrine of qualified immunity protects government officials from individual liability for actions carried out while performing their duties so long as their conduct does not violate clearly established constitutional or statutory rights. *Washington v. Unified Gov't of Wyandotte Cty.*, 847 F.3d 1192, 1197 (10th Cir. 2017). To facilitate the efficient administration of public services, the doctrine functions to protect government officials performing discretionary actions and acts as a "shield from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once a defendant has asserted a defense of qualified immunity, the burden shifts to the plaintiff who must establish that (1) the defendant violated a constitutional right, and (2) the right was clearly established at the time of the defendant's action. *Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015). Courts, however, have

discretion to consider the prongs in either order. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

When, as here, a defendant moves to dismiss a plaintiff's § 1983 claim based on qualified immunity, "the plaintiff must allege sufficient facts that show—when taken as true—the defendant plausibly violated his constitutional rights, which were clearly established at the time of violation." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012). Mr. Hammond's Second Amended Prisoner Complaint need not contain <u>all</u> the necessary factual allegations to sustain a conclusion that the Sheriff's Defendants violated clearly established law. *See Robbins*, 519 F.3d at 1249 (recognizing that such a heightened pleading standard is not required) (quoting *Breidenbach v. Bolish*, 126 F.3d 1288, 1293 (10th Cir. 1997)). The Second Amended Prisoner Complaint needs to satisfy only the minimum pleading requirements as articulated in *Twombly* and discussed above. *Id*.

## ANALYSIS

The Sheriff's Defendants argue that Mr. Hammond fails to establish that these Defendants violated a clearly established constitutional right, and thus they are entitled to qualified immunity. *See* [#40]. I consider this argument below.

### I. Clearly Established

"For a constitutional right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013) (brackets, citation, and internal quotation marks omitted). A plaintiff may satisfy this burden "when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as the plaintiff maintains." *Washington*, 847 F.3d at 1197 (quoting

*Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) (internal quotation marks omitted)). But a plaintiff need not provide case law that is factually identical to his case if the constitutional violation is "obviously egregious . . . in light of prevailing constitutional principles," *A.M. v. Holmes*, 830 F.3d 1123, 1135-36 (10th Cir. 2016), and the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has noted that a defendant may be on notice that her conduct violates clearly established law even in novel factual circumstances, *see Casey v. City of Fed. Heights*, 509 F.3d 1278, 1284 (10th Cir. 2007).

Drawing on these principles, the Tenth Circuit recently expounded on the parameters of establishing a clearly established right:

> A constitutional right is clearly established when a Tenth Circuit precedent is on point, making the constitutional violation apparent. This precedent cannot define the right at a high level of generality. Rather, the precedent must be particularized to the facts. But even when such a precedent exists, subsequent Tenth Circuit cases may conflict with or clarify the earlier precedent, rendering the law unclear.
>
> A precedent is often particularized when it involves materially similar facts. But the precedent may be adequately particularized even if the facts differ, for general precedents may clearly establish the law when the defendant's conduct obviously violates the law. Thus, a right is clearly established when a precedent involves materially similar conduct or applies with obvious clarity to the conduct at issue.
>
> By requiring precedents involving materially similar conduct or obvious applicability, we allow personal liability for public officials only when our precedent puts the constitutional violation beyond debate. Thus, qualified immunity protects all officials except those who are plainly incompetent or those who knowingly violate the law.

*Apodaca v. Raemisch*, 864 F.3d 1071, 1076 (10th Cir. 2017) (internal brackets, citations, and quotation marks omitted); *see also Lowe v. Raemisch*, 864 F.3d 1205, 1208 (10th Cir. 2017) (discussing what constitutes clearly established law). Again, it is Mr. Hammond's burden to allege enough facts (taken as true) that the Sheriff's Defendants violated his clearly established constitutional rights. *See Dahn v. Amedei*, 867 F.3d 1178, 1185 (10th Cir. 2017).

6

## A. Claim 2

Defendant Koger argues that she is entitled to qualified immunity because she "did not violate any clearly established law with Plaintiff's conditions of confinement." [#40 at 4]. She further contends that "the Tenth Circuit has found that '[w]e do not believe that failure to provide [plaintiff] with a shower for eight days amount[s] to a punishment.'" [*Id.* at 5 (quoting *Bell v. Midwest City Police Dep't*, No. 93-6045, 1993 WL 214563, at *2 (10th Cir. 1993)]. This court respectfully agrees.

As mentioned, Claim 2 alleges that Defendant Koger placed Mr. Hammond in the hole "for 5 days with no hour out, no shower, no phone calls, no tooth past[e], no tooth brush, no soap[,] and no mail out." [#17 at 7]. In his Response, Plaintiff asserts that Defendant Koger "circumvented all policies and procedures" that require "all inmates housed in the Disciplinary Unit [be] logged as having time to shower, phone, hygiene necessities, etc." [#44 at 2]; *see also* [#46 at 1-2]. Mr. Hammond also notes that through this litigation a Tenth Circuit or Supreme Court precedent will be established; but he does not identify any clearly established precedent in either his Response or Sur-reply. *See* [#44 at 3; #46 at 2-3]. Thus, Mr. Hammond has failed to satisfy his burden in opposing qualified immunity.

Further, this court's own independent research reveals that Mr. Hammond's alleged constitutional violation was not so obviously egregious such that Defendant Koger had reason to know her conduct violated the law. Certainly, "[t]he Eighth Amendment requires jail officials to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (internal quotation marks

omitted).³  And the Tenth Circuit has held that a prolonged denial of basic hygienic products to satisfy an inmate's basic hygienic needs may constitute a violation of the inmate's Eighth Amendment rights.  *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996) (holding that the alleged deprivation of toothpaste and razors for approximately two months, which caused bleeding and receding gums, was sufficient to create a triable issue of fact as to an Eighth Amendment violation).

But Mr. Hammond alleges that he went without such products for only five days, and an important factor in determining whether the jail's conditions of confinement equate to a constitutional violation is the duration the inmate faces such conditions.  *See Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) ("[A] filthy, overcrowded cell and a diet of grue might be tolerable for a few days and intolerably cruel for weeks or months."  (internal quotation marks omitted)).  Thus, this court cannot conclude that such a short duration in Mr. Hammond's case constituted an obvious violation of his Eighth Amendment rights, especially when he fails to allege any injury suffered.  *See, e.g.*, *Requena v. Roberts*, 893 F.3d 1195, 1207 (10th Cir. 2018) (affirming dismissal of Eighth Amendment claim predicated on a 30-day denial of soap, toothpaste, and toothbrush because the plaintiff failed to allege any suffered injury); *Whitington v. Ortiz*, 472 F.3d 804, 808 (10th Cir. 2007) ("A deprivation of hygiene items without any corresponding injury would not state an Eighth Amendment violation."); *Gross v. Koury*, 78 F. App'x 690, 694 (10th Cir. 2003) (finding no constitutional violation for the deprivation of soap and toothpaste where the plaintiff failed to allege any injury from the deprivation); *Estrada v. Kruse*, 38 F. App'x 498, 499 (10th Cir. 2002) (affirming the district court's dismissal of inmate's claim that he was held in a

---

³ It is unclear whether Mr. Hammond was a pretrial detainee at the time, which would mean his claims arise under the Fourteenth Amendment; regardless, "the Eighth Amendment standards applicable to convicted persons provide the benchmark in this case."  *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1022 (10th Cir. 1996).

8

"stripped" segregation cell for five days without clothing, bedding, or personal hygiene items because the allegations failed to rise to the level of a constitutional violation); *March v. Corrs. Corp. of Am.*, 134 F.3d 383 (Table), 1998 WL 31435, at *2 (10th Cir. Jan. 28, 1998) ("Plaintiff failed to assert evidence establishing that she suffered a serious harm from the deprivation of toilet paper and hygiene items for four of the fifteen days of her disciplinary confinement.").

This court reaches the same conclusion regarding Mr. Hammond's assertions that he did not receive mail or phone calls for five days, *cf. Buist v. Cartwright*, 182 F.3d 931 (Table), 1999 WL 360179, at *1 (10th Cir. June 4, 1999) (affirming dismissal of claim alleging prevention of mail and phone calls for 48 days); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (holding that isolated incident of mail interference not sufficient to state a constitutional violation), as well as his assertion that Defendant Koger confined him to his cell for 24 hours per day during those five days, *see Ajaj v. United States*, 293 F. App'x 575, 582-84 (10th Cir. 2008) (holding that an inmate's confinement to his cell for twenty-three hours per day in extreme isolation does not constitute a sufficiently serious deprivation). Indeed, the Tenth Circuit has noted that a "recent unpublished opinion . . . further confirms our view that the Officers had no guidance concerning the propriety of the challenged [conduct] from extant clearly established law." *Quinn v. Young*, 780 F.3d 998, 1012 n.4 (10th Cir. 2015). Accordingly, I conclude that Defendant Koger is entitled to qualified immunity as to Claim 2, and respectfully **RECOMMEND** that the Sheriff's Defendants' Motion to Dismiss be **GRANTED** as to this claim.

**B.     Claim 5**

Defendant Koger also moves to dismiss Claim 5 on the same basis as Claim 2: Mr. Hammond fails to establish that Defendant Koger violated a clearly established constitutional right. *See* [#40; #45]. And while Mr. Hammond fails to identify any Tenth Circuit of Supreme

9

Court precedent in his Response or Sur-reply, I find Mr. Hammond's allegations, taken as true and with all inferences drawn in his favor, are sufficient to survive dismissal.

Claim 5 alleges that Defendant Koger violated Plaintiff's Eighth Amendment rights by placing him in the hole where human feces and urine were "all over the cell," including "all up and down the walls and floor and bedding." [#17 at 10]. It is well-established in the Tenth Circuit that "exposure to sewage [and human waste] can constitute a serious risk to inmate health and safety" for purposes of an Eighth Amendment claim. *See Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001) (citing *McBride v. Deer*, 240 F.3d 1287, 1292 (10th Cir. 2001); *Ramos v. Lamm*, 639 F.2d 559, 569-70 (10th Cir. 1980); *Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir. 1990)). Indeed, in *McBride v. Deer*, the Tenth Circuit held that the plaintiff sufficiently alleged a serious condition of confinement where he claimed the defendants forced him to live in a "feces-covered cell" for three days. *See* 240 F.3d at 1291-92. Further, the Tenth Circuit has found a sufficiently serious condition of confinement where inmates were exposed for 36 hours to human feces and urine contained in standing water that had flooded their cells. *See DeSpain v. Uphoff*, 264 F.3d 965, 973-75 (10th Cir. 2001).

Defendant Koger argues that Mr. Hammond does not allege that there was no toilet in the hole or that "there were feces and urine in the cell at the time he first entered the cell." [#40 at 2]. But in drawing all reasonable inferences in Mr. Hammond's favor and construing his pleading liberally as this court must, it is reasonable to infer Claim 5 as alleging an exposure to feces and urine for the five days while Plaintiff was in the hole. Thus, based on the Tenth Circuit precedent discussed above, I find that Mr. Hammond has adequately alleged at this stage a sufficiently serious condition of confinement—one that Defendant Koger should have known violated clearly established law. And while Mr. Hammond may not be able to support this claim with evidence

later on—thereby entitling Defendant Koger to qualified immunity—I respectfully **RECOMMEND** at this juncture that the Sheriff's Defendants' Motion to Dismiss be **DENIED** as to Claim 5.

### C. Claim 12

Defendant Marostica moves to dismiss Claim 12 because Plaintiff fails to establish the deprivation of a clearly established constitutional right, thereby entitling Defendant Marostica to qualified immunity. *See* [#40 at 5; #45]. Mr. Hammond again contends that Defendant Marostica circumvented several jail policies and procedures, *see* [#44 at 3], and argues that as this case progresses precedent will be established, *see* [#46 at 2-3].

Claim 12 alleges that Defendant Marostica "hit/punch/jab the metal door" of the cells every 30 minutes, causing sleep deprivation and psychological issues for Mr. Hammond. [#17 at 17]. Defendant Marostica argues that no Tenth Circuit or Supreme Court precedent renders this conduct a violation of a clearly established constitutional right. This court agrees, because Mr. Hammond fails to identify any relevant precedent and his allegations do not appear sufficient to make any purported constitutional violation obviously egregious. *Cf. Murray v. Edwards Cty. Sheriff's Dep't*, 248 F. App'x 993, 998-99 (10th Cir. 2007) (finding that the plaintiff failed to provide sufficient evidence that the 24-hour continuous lighting just outside his cell, which caused sufficiently serious sleep deprivation, was a violation of the Eighth Amendment); *Cruz v. Drawbridge*, No. CIV-18-555-C, 2018 WL 5541176, at *5 (W.D. Okla. Sept. 27, 2018) (concluding, "Plaintiff's allegations of sleep deprivation, noise levels, and his bare claims of fear of violence" were insufficient to maintain a conditions of confinement claim). Accordingly, I conclude that Defendant Marostica is entitled to qualified immunity, and respectfully **RECOMMEND** that the Sheriff's Defendants' Motion to Dismiss be **GRANTED** as to Claim 12.

## CONCLUSION

For the reasons stated herein, I respectfully **RECOMMEND** that:

(1) The Sheriff's Defendants' Motion to Dismiss [#40] be **GRANTED IN PART and DENIED IN PART**; and

(2) Claims 2 and 12 be **DISMISSED**, but that Claim 5 **REMAIN**.[4]

A copy of this Order shall be sent to:

> Tory C. Hammond
> Boulder County Jail
> 3200 Airport Road
> Boulder, CO 80301-2226

DATED: February 15, 2019

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge

---

[4] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).