IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00577-DDD-NYW

TORY C. HAMMOND,

        Plaintiff,

v.

KARMEN KOGER,

        Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Nina Y. Wang

This matter comes before the court for recommendation on Defendant Karmen Koger's ("Defendant" or "Sgt. Koger") Motion for Summary Judgment (or "Motion"), filed May 19, 2020. [#118]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b) and the Order Referring Motion dated May 19, 2020, [#119]. This court concludes that oral argument will not assist in the resolution of this matter and that recommendation on the Motion is appropriate in the absence of any additional briefing. *See* D.C.COLO.LCivR 7.1(d) (explaining that the court may dispose of a motion at any time).[1] Accordingly, upon review of the Motion, the record before the court, and the applicable case law, I respectfully **RECOMMEND** that the Motion for Summary Judgment be **GRANTED**.

---

[1] On June 29, 2020, the undersigned provided Plaintiff Tory Hammond a 30-day extension of time to respond to the Motion for Summary Judgment. [#123]. To date, Mr. Hammond has not filed a response and the time to do so has long since expired.

**MATERIAL FACTS**

This court draws the following material facts from the record before the court. In the absence of a response by Mr. Hammond, this court deems the properly supported facts offered by Sgt. Koger true and undisputed for purposes of the instant Motion. *See* Fed. R. Civ. P. 56(e)(2); *Lammle v. Ball Aerospace & Techs. Corp.*, Case No. 11-CV-3248-MSK-MJW, 2013 WL 4718928, at *1 (D. Colo. Sept. 1, 2013).

1.    On or about January 15, 2018, Gilpin County Sheriff's deputies arrested Plaintiff Tory Hammond ("Plaintiff" or "Mr. Hammond") and transported Mr. Hammond to the Boulder County Jail (the "jail"). *See* [#17 at 5-6, 10;[2] #118-1; #118-2; #118-11 at 4; #118-13 at ¶ 3; #118-15 at ¶ 5].

2.    Sgt. Koger was on-duty when Mr. Hammond arrived at the jail and "assisted other jail personnel in removing Mr. Hammond from the transport vehicle, during the initial assessment that occurred in the [j]ail's garage," and in placing Mr. Hammond in a holding cell to await booking; Sgt. Koger had no other contact or involvement with Mr. Hammond on January 15, 2018. [#118-15 at ¶¶ 3-6, 8].

3.    The Gilpin County Sheriff's deputies informed jail personnel that Mr. Hammond had been uncooperative during his arrest, and Mr. Hammond remained uncooperative at the jail by refusing to comply with the booking process. *See* [#118-3 at 14:17:57 - 14:18:15; #118-13 at ¶ 5].

---

[2] Though Mr. Hammond did not respond to the Motion for Summary Judgment, the court considers his Second Amended Complaint [#17] as an affidavit pursuant to Rule 56(c)(4) of the Federal Rules of Civil Procedure because it is verified, appears to be made on personal knowledge, sets out facts that would be admissible in evidence, and demonstrates Mr. Hammond's competency to testify on the matters asserted. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010). This court, therefore, considers Mr. Hammond's allegations in the Second Amended Complaint as competent summary judgment evidence but only to the extent they are not contradicted by other evidence in the record.

4.      Pursuant to jail policies, Deputy Duane Hagen ("Deputy Hagen") entered an Incident Report in the jail's electronic records management system regarding Mr. Hammond's behavior and, along with Sgt. Anthony Knight ("Sgt. Knight"), activated his body-worn camera as he and Sgt. Knight attempted to assist Mr. Hammond with the booking process. *See* [#118-1; #118-2; #118-3 at 14:17:57 - 14:18:15; #118-5; #118-12 at ¶¶ 4-5; #118-13 at ¶¶ 4-8; #118-14 at ¶¶ 5-7].

5.      Jail policy requires any arrestees that refuse to comply with the booking process be placed on Non-Processed Segregation status and housed in the Disciplinary module ("DSC") until the arrestee agrees to voluntarily comply with the booking process. *See* [#118-4 at 3-6; #118-12 at ¶¶ 6-7; #118-13 at ¶ 9; #118-14 at ¶ 8; #118-15 at ¶ 7].

6.      Given Mr. Hammond's refusal to comply with the booking process, Deputy Hagen, with Sgt. Knight's approval, placed Mr. Hammond in DSC Cell 1 without incident. *See* [#118-1; #118-3 at 14:20:44 - 14:21:03; #118-6 at 14:20:00 - 14:20:39; #118-13 at ¶¶ 10-11; #118-14 at ¶¶ 9-10].

7.      The interior of DSC Cell 1 was free and clear of human feces or urine when Mr. Hammond entered the cell, consistent with the jail's procedures for maintaining clean and safe cells. *See* [#118-3 at 14:20:44 - 14:21:03; #118-6 at 14:20:39 - 14:20:58; #118-7].

8.      Mr. Hammond spent three days in DSC Cell 1 before sending a KITE to jail personnel, requesting that he be screened; the KITE made no mention of any unsanitary conditions in DSC Cell 1.  [#118-9; #118-12 at ¶ 10].

9.      Mr. Hammond was then moved to the booking module.  [#118-11 at 4; #118-12 at ¶ 8].

10.     Plaintiff initiated this action by filing his *pro se* prisoner Complaint on March 9, 2018, alleging that while incarcerated at the jail several jail officers violated his constitutional rights.  *See* [#1].

11.     Plaintiff's sole remaining constitutional claim is a Fourteenth Amendment claim asserted against Sgt. Koger, which alleges that Sgt. Koger placed Plaintiff in the "hole" where human feces and urine were "all over the cell," including "all up and down the walls and floor and bedding."  [#17 at 7, 10].

12.     Sgt. Koger filed the instant Motion on May 19, 2020.  [#118].

## LEGAL STANDARDS

### I.     Rule 56 of the Federal Rules of Civil Procedure

Pursuant to Rule 56, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way.  A fact is material if under the substantive law it is essential to the proper disposition of the claim."  *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (internal citations and quotation marks omitted).  It is the movant's burden to demonstrate that no genuine dispute of material fact exists for trial, *see Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010), even when, as here, the nonmovant fails to file a response to the Motion for Summary Judgment, *see Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002).  If the movant satisfies her burden, it becomes the nonmovant's burden to demonstrate a genuine dispute of material fact exists, and the court will "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."  *Zia Shadows, L.L.C. v. City of Las Cruces*, 829 F.3d 1232, 1236 (10th Cir. 2016).

4

## II.    Qualified Immunity

The doctrine of qualified immunity protects government officials from individual liability for actions carried out while performing their duties so long as their conduct does not violate clearly established constitutional or statutory rights. *Washington v. Unified Gov't of Wyandotte Cty.*, 847 F.3d 1192, 1197 (10th Cir. 2017). To facilitate the efficient administration of public services, the doctrine functions to protect government officials performing discretionary actions and acts as a "shield from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To overcome an invocation of qualified immunity at summary judgment, although the court reviews "the evidence in the light most favorable to the nonmoving party, the record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden." *Felder ex rel. Smedley v. Malcom*, 755 F.3d 870, 877-78 (10th Cir. 2014) (internal quotations and citation omitted). That is, the plaintiff must establish that the defendants violated his constitutional rights <u>and</u> that those rights were clearly established. *See Cox v. Glanz*, 800 F.3d 1231, 1246 (10th Cir. 2015). Courts have discretion to consider the prongs in either order. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

## III.    Pro Se Litigants

In applying these legal principles, this court is mindful that Mr. Hammond proceeds pro se and is entitled to a liberal construction of his papers. *Smith v. Allbaugh*, 921 F.3d 1261, 1268 (10th Cir. 2019). But the court cannot and does not act as an advocate for a pro se party. *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019). Nor does a party's pro se status exempt him from complying with the procedural rules that govern all civil actions filed in this District, namely, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado.

*See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018); *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008).

## ANALYSIS

The Eighth Amendment's proscription on cruel and unusual punishment extends to the conditions under which an inmate is confined.[3] *See Contreras on behalf of A.L. v. Dona Ana Cty. Bd. of Cty. Commissioners*, 965 F.3d 1114, 1116 (10th Cir. 2020) (Tymkovich, J., concurring). That is, the Eighth Amendment requires prison officials to "provide humane conditions of confinement." *Requena*, 893 F.3d at 1214. "Conditions-of-confinement claims have two prongs: (1) an objective prong, under which the alleged injury must be sufficiently serious, and (2) a subjective prong, under which the prison official who imposed the condition must have done so with deliberate indifference." *Redmond v. Crowther*, 882 F.3d 927, 936 n.3 (10th Cir. 2018). To satisfy the objective prong, Mr. Hammond could demonstrate a sufficiently serious injury by establishing that Sgt. Koger placed Mr. Hammond in a cell with human feces and urine for an extended period of time. *See, e.g.*, *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001) (concluding that "exposure to sewage [and human waste] can constitute a serious risk to inmate health and safety" for purposes of an Eighth Amendment claim); *McBride v. Deer*, 240 F.3d 1287, 1291-92 (10th Cir. 2001) (finding a sufficiently serious injury where the plaintiff was placed in a "feces-covered cell" for three days); *DeSpain v. Uphoff*, 264 F.3d 965, 973-75 (10th Cir. 2001) (concluding that exposure to human feces and urine for 36 hours constituted a sufficiently serious injury). To satisfy the subjective component, Mr. Hammond must demonstrate that Sgt. Koger

---

[3] Although Mr. Hammond's claim arises under the Due Process Clause of the Fourteenth Amendment as a pretrial detainee, the court applies the same analysis as if his claim had arisen under the Eighth Amendment. *See Sawyers v. Norton*, 962 F.3d 1270, 1282 (10th Cir. 2020) ("In evaluating such Fourteenth Amendment claims, we apply an analysis identical to that applied in Eighth Amendment cases." (internal quotation marks omitted)).

knew of yet disregarded an excessive risk to Mr. Hammond's health or safety. *See Walker v. Mohiuddin*, 947 F.3d 1244, 1249 (10th Cir. 2020) ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." (internal quotation marks omitted)).

Sgt. Koger moves for summary judgment because Mr. Hammond cannot satisfy the objective component of his remaining constitutional claim. [#118]. She argues that the undisputed evidence reveals that DSC Cell 1 contained no human feces and/or urine, and that Mr. Hammond did not complain of any human feces and/or urine while housed in DSC Cell 1 for three days. *See* [*Id.* at 9-10]. According to Sgt. Koger, in the absence of any constitutional violation, she enjoys qualified immunity and thus the court should enter summary judgment in her favor. *See* [*id.* at 10-11]. I respectfully agree with Sgt. Koger.

At the outset, though Sgt. Koger does not raise this argument in her Motion, this court concludes that Sgt. Koger is also entitled to qualified immunity and summary judgment given her apparent lack of personal participation in the alleged constitutional violation. *See* Fed. R. Civ. P. 56(f). For purposes of a § 1983 claim, a plaintiff must first establish each defendants' personal participation in the constitutional violation. *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) ("It is particularly important that plaintiffs make clear exactly *who* is alleged to have done *what* to *whom*, as distinguished from collective allegations." (emphasis in original) (brackets, ellipsis, and internal quotation marks omitted)). For supervisory liability, it is not enough that a defendant was merely a supervisor for purposes of personal participation, as § 1983 does not "authorize liability under a theory of respondeat superior." *Perry v. Durborow*, 892 F.3d 1116, 1121 (10th Cir. 2018) (internal quotation marks omitted). Rather, a plaintiff must establish an affirmative link between the supervisor and the constitutional violation, "which requires proof of

7

three interrelated elements: (1) personal involvement; (2) causation; and (3) state of mind." *Keith v. Koerner*, 843 F.3d 833, 838 (10th Cir. 2016).  This Mr. Hammond fails to do.

It is undisputed that Sgt. Koger had no further involvement or contact with Mr. Hammond after assisting in removing Mr. Hammond from the transport vehicle and placing him in a holding cell.  *See* Material Facts, *supra*, at ¶ 2.  Moreover, it is undisputed that Deputy Hagen, with Sgt. Knight's approval, made the decision to place Mr. Hammond in DSC Cell 1.  *See id.* at ¶ 6.  Nor is there any evidence that Plaintiff complained directly to Sgt. Koger about human feces and/or urine.  Thus, the undisputed material facts reveal that Sgt. Koger did not personally participate in the alleged constitutional violation, entitling her to qualified immunity.  *See Pompeo v. Bd. of Regents of the Univ. of New Mexico*, 852 F.3d 973, 982 (10th Cir. 2017) (explaining that the defendant's entitlement to qualified immunity hinges on an assessment of her personal participation in the alleged constitutional violation).

Nevertheless, even assuming Mr. Hammond could establish Defendant's personal participation, this court also concludes that Sgt. Koger is entitled to qualified immunity because Mr. Hammond fails to demonstrate that he suffered a sufficiently serious injury for purposes of his constitutional claim.  While Mr. Hammond alleges Sgt. Koger placed him in the "hole" for up to five days, where human feces and urine were "all over the cell," including "all up and down the walls and floor and bedding," [#17 at 7, 10], the undisputed material facts and uncontradicted evidence reveal that DSC Cell 1 was free and clear from any human feces and/or urine when Deputy Hagen and Sgt. Knight placed Mr. Hammond in the cell.  *See* Material Facts, *supra*, at ¶ 7. Indeed, after spending three days in DSC Cell 1, Mr. Hammond sent a KITE requesting he be screened, but he did not complain of human feces and urine covering DSC Cell 1.  *See id.* at ¶ 8. Accordingly, Mr. Hammond fails to establish the objective prong of his remaining constitutional

8

claim, thereby entitling Sgt. Koger to qualified immunity. *See A.M. v. Holmes*, 830 F.3d 1123, 1134-35 (10th Cir. 2016) (explaining that "if the plaintiff fails to establish either prong of the two-pronged qualified-immunity standard, the defendant prevails on the defense.").

<h2 style="text-align:center">CONCLUSION</h2>

For the reasons stated herein, this court respectfully **RECOMMENDS** that:

(1)    Sgt. Koger's Motion for Summary Judgment [#118] be **GRANTED**; and

(2)    Mr. Hammond's remaining Fourteenth Amendment claim against Sgt. Koger be **DISMISSED with prejudice**.[4]

DATED:  August 26, 2020                            BY THE COURT:

Nina Y. Wang
United States Magistrate Judge

---

[4] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings of fact, conclusions of law, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).